\ MARTÍNEZ *v*. RIVERA.

APPEAL in complaint from a decision of the District Court of Mayagüez.

No. 6.—Decided May 26, 1904

CASSATION—APPEAL—FINAL JUDGMENT.—In all cases in which the Law of Civil Procedure mentions appeals ·in cassation, it shall be understood that they are ordinary appeals, but they will lie only from final judgments or from decisions which have the character of such according to law.

ID.—A decision rendered in an action for the foreclosure of a mortgage, whereby the administrative management of the mortgaged estate is granted to the creditor, does not possess the character of a final judgment so as to render it appealable.

ID.—No appeal can be taken from a decision by a person not a party to the record, and in case of any damage inflicted thereby the person must obtain reparation therefor through the remedies granted by law.

## STATEMENT OF THE CASE.

This is a summary foreclosure proceeding prosecuted by Victor Martínez against Domingo Rivera for the recovery of a credit under the procedure provided for by the Mortgage Law and the Regulations for the execution thereof. The said Martínez prayed for authority to administer the mortgaged rural estate, basing his petition upon the provisions of article 1528 of the Law of Civil Procedure, and the Mayagüez court on October 1, granted the said prayer.

Counsel for the creditor, Domingo Rivera, prayed for a reconsideration of the said order, and the same was denied by the court on the 23d of the said month, on the ground that he was not a party to the proceedings wherein he appeared.

Counsel for Rivera also prayed for a reconsideration of this order, and also took an appeal from the latter, as well as from the former order to the same effect made on October 1, 1903; and the said court on November 22d held that it could not make an order allowing the appeal taken by the petitioner in his additional prayer, and accordingly denied the same.

From this order he again appealed for a reconsideration, and in case the same should be denied, he also prayed that a certified copy of both orders be issued to him, which was so done, by order of the 11th of the said month of November.

On this record, Attorney Fernando Vázquez, on behalf of Domingo Rivera, took an appeal in complaint to this court praying that the appeal taken in the District Court of Mayagüez be allowed both for a stay of proceedings and for review.

*Mr. Fernando Vázquez,* for appellant.

*Mr. Martínez,* for respondent.

MR. JUSTICE FIGUERAS, after making the foregoing statement of facts, delivered the opinion of the court.

Although this Supreme Court is now a court of appeals, according to the act of the Legislative Assembly approved on March 12, 1903, it must be borne in mind that in section 4 of that act it is provided that in all cases where the law of Civil Procedure speaks of appeals in cassation the same shall be understood as meaning appeals, but that it leaves in force the provision that appeals will lie only from final judgments, or from orders possessing the nature of such, according to articles 1687 and 1688 of the Law of Civil Procedure.

Neither the order of October 23 of the year last past, nor the other order of October 1, concordant therewith, made by the Mayagüez court, can be considered as final orders for the purposes of an appeal of this character.

Furthermore, Rivera is not a party to the proceeding in which he seeks to prosecute these appeals, and there are other remedies provided for by the Mortgage Law and the Regulations for the execution thereof by which he can obtain reparation for any damages which he may have suffered by reason of the summary proceeding.

In consideration of the foregoing the appeal does not lie.

In view of the legal provisions cited herein, this appeal in complaint is hereby dismissed with costs against the appellant, and this decision will be communicated to the District Court of Mayagüez for the proper purposes.

Chief Justice Quiñones and Justices Hernández and MacLeary concurred.

Mr. Justice Sulzbacher took no part in the decision of this case.